UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER PAUL MARION           CASE NO. 5:23-cv-201
                                  Division: Civil
    Plaintiff,

v.

CITRUS COUNTY SHERIFF'S OFFICE,
and
DEPUTY JOSHUA PENNY

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, CHRISTOPHER PAIL MARION (Mr. Marion) brings suit against the CITRUS COUNTY SHERIFF'S OFFICE of Citrus County, Florida and DEPUTY JOSHUA PENNY, and respectfully states:

### JURISDICTION AND VENUE

1. This is an action for damages resulting from the wrongful arrest and battery of Mr. Marion, which implicates his constitutional rights under the 14th and 4th Amendments, and thus is federal claim under 42 U.S.C. § 1983.

2. This Court has subject-matter jurisdiction over the constitutional violation pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state claims as they arise out of the same case and controversy as the § 1983 claim, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events occurred wholly within its boundaries.

5. The Court has personal jurisdiction over the Citrus County Sherriff's Office because it is located within the Court's district.

6. The Court has personal jurisdiction over Deputy Joshua Penny due to his working for Citrus County within the Court's district.

## PARTIES

7. Mr. Marion is a resident of Citrus County, which is within the Ocala Division of the Middle District of Florida,

8. The Citrus County Sherriff's Office has a jurisdiction within the Ocala Division of the Middle District of Florida.

9. Deputy Joshua Penny is either resident in or regularly enters the area of the Ocala Division of the Middle District of Florida through his work as a deputy for the Citrus County Sherriff's Office. Further his tortious conduct occurred in Citrus County.

## STATEMENT OF FACTS

10. After dinner, in the evening of January 13, 2022, Mr. Chris Marion and a friend, Mr. Michael Wilson, went to dinner together in the same car.

11. Following dinner, Mr. Marion drove Wilson drove home.

12. Upon approaching Mr. Wilson's residence, Mr. Marion pulled the car over so they could have a conversation.

13. While doing so, they pulled into the empty parking lot of Sara's Diner, which is next to Mr. Wilson's residence.

14. Mr. Marion knows the proprietor of Sara's Diner and understands he has permission to be in its parking lot.

15. Mr. Marion and Mr. Wilson engaged in a short conversation of 10-15 minutes.

16. During said conversation, at approximately 10:30 P.M., a Sherriff's Deputy car pulled alongside their vehicle in the parking lot.

17. The Deputy driving the vehicle, later identified as Deputy Joshua Penny, exited his vehicle and approach Mr. Marion's car.

18. Deputy Penny asked Mr. Marion his name and for his ID.

19. Mr. Marion initially demanded to know why the Deputy needed this information, but ultimately complied with the request.

20. Unsatisfied with Mr. Marion's compliance, Deputy Penny began questioning Mr. Marion and searched his person.

21. Mr. Marion identified himself, explained his presence in the parking lot, had Mr. Williams confirm the location of his house and generally justified his lawful presence in the area.

22. Deputy Penny informed Mr. Marion he was under arrest.

23. Mr. Marion was taken into custody under the charges of Resisting an Officer Without Violence, for initially refusing to give his name, and Loitering, for being in the parking lot of Sara's Diner. He was not charged with Trespassing.

24. Deputy Penny transported Mr. Marion to the Lecanto Jail.

25. Mr. Marion was incarcerated in the Lecanto Jail for 18 hours.

26. Mr. Marion's wrongful incarceration deprived him of his rights and involved harassment to his person.

27. Upon release, the State Attorney's Office unilaterally dropped all charges against him, doing so before arraignment.

28. Since this time, Mr. Marion has experienced signs of unease, discontent, paranoia and depression, for which he has sought the help of a therapist.

## COUNT I

### § 1983 False Arrest/Seizure in Violation of the Fourteenth & Fourth Amendments
(Against Deputy Penny)

29. Mr. Marion realleges ¶¶ 1-28.

30. Deputy Penny as a deputy of the Citrus County Sheriff's Office, intentionally placed Mr. Marion under arrest,

31. Deputy Penny informed Mr. Marion that he was under arrest, making Mr. Marion aware of the fact,

32. This arrest subjected Mr. Marion to a seizure to which he objected; and,

33. The "seizure" was unreasonable and not otherwise privileged.

34. This "seizure" violated Mr. Marion's rights under the 14th and 4th Amendments.

**WHEREFORE**, Mr. Marion demands an award of damages based on the Sherriff and Sherriff's Deputy's violation of his constitutional rights along with attorney's fees and costs.

## COUNT II

### False Imprisonment
(Against Citrus County Sheriff's Office)

35. Mr. Marion realleges ¶¶ 1-28.

36. Deputy Penny as a deputy of the Citrus County Sherriff's Office did unlawfully detain and deprive Mr. Marion of his liberty;

37. Against Mr. Marion's will;

38. Without probable cause and, therefore, without legal authority, and;

39. Such detention was unreasonable and unwarranted under the circumstances.

**WHEREFORE**, Mr. Marion demands an award of damages based on the Sherriff and Sherriff's Deputy's commission of the tort of false arrest/detention.

4

## COUNT III

### Battery
(Against Citrus County Sherriff's Office)

40. Mr. Marion realleges ¶¶ 1-28.

41. Deputy Penny, as an officer of the Citrus County Sherriff's Office, conducted an investigation sufficient to realize there was no probable cause of arrest;

42. Despite this fact, Deputy Penny did actually and intentionally touch Mr. Marion in the course of the latter's arrest; and

43. This touching occurred against his will and without legal privilege.

**WHEREFORE**, Mr. Marion demands an award of damages based on the Sherriff and Sherriff's Deputy's commission of the tort of battery.

Additionally, Mr. Marion demands compensation for reasonable attorney's fees and costs as well as a jury trial on every triable issue.

Dated this 24th day of March, 2023.

PARRISH LAW, P.A.
Attorneys for Plaintiff

s/Jeffrey P. Bristol
Jeffrey P. Bristol, Esq.
Florida Bar No. 1022461
Paul E. Parrish, Esq.
Florida Bar No.:  373117
1290 Hwy A1A, Ste 101
Satellite Beach, Fl 32937
400 North Ashley Street, Ste. 1900
Tampa, FL 33602
Telephone:    (321) 622-4882
Facsimile:    (813) 712-8780
Email:  paul.parrish@theparrishlaw.com
            jeff.bristol@theparrishlaw.com
Secondary email:
            nichole.perez@theparrishlaw.com
            ashli.scott@theparrishlaw.com

5