# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CHRISTOPHER PAUL MARION,

    Plaintiff,

v.                                                              Case No. 5:23-cv-201-JA-PRL

JOSHUA PENNEY,

    Defendant.

## ORDER

Plaintiff Christopher Marion brought a claim of false arrest against Defendant Joshua Penney and related claims of false imprisonment and battery against the Citrus County Sheriff's Office. The Sheriff's Office settled the claims against it, (see Doc. 29), and Penney was granted summary judgment on the false arrest claim based on qualified immunity, (see Doc. 39). Now before the Court are Penney's Motion for Costs, Including Attorneys' Fees (Doc. 43), and Plaintiff's Response (Doc. 44). As set forth below, Penney's Motion is denied.

## I.  LEGAL STANDARDS

District courts have discretion to award attorneys' fees to a prevailing party in a 42 U.S.C. § 1983 case at summary judgment "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v.*

*Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (Title VII context); *see Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1296 (11th Cir. 2021) (applying this standard to § 1983 cases).

The Court evaluates the frivolity of a case based on four factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial; and (4) whether there was enough support for the claim to warrant close attention by the court. *See Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985); *Beach Blitz,* 13 F.4th at 1302.[1]

## II.  ANALYSIS

The first factor—whether Marion established a prima facie case against Penney—favors Penney. To prove a prima facie case of false arrest under the Fourth Amendment and 42 U.S.C. § 1983, Marion had to show that he was arrested without probable cause. *See Garcia v. Casey*, 75 F.4th 1176, 1186 (11th Cir. 2023). The reason this Court granted Penney's Motion for Summary Judgment is that it found there to be arguable probable cause for Penney's arrest and therefore Marion did not overcome Penney's qualified immunity.

---

[1] The first three factors come from *Sullivan v. School Board of Pinellas County*, 773 F. 2d 1182, 1189 (11th Cir. 1985). The fourth factor comes from *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1302 (11th Cir. 2021) (citing *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)).

Although not addressed in the Motion for Summary Judgment, the Court now finds that there was also actual probable cause for the arrest.

The second factor—whether a settlement offer has been made—does not favor either party. Although Penney did not offer to settle the one claim asserted against him, the principal Defendant in this case, the Citrus County Sheriff's Office, which was represented by the same attorneys as Penney, settled the two claims brought against it. Because "[d]eterminations regarding frivolity are to be made on a case-by-case basis" under *Sullivan*, 773 F.2d at 1182, the settlement offer made by the Sheriff's Office is relevant to a proper analysis of this factor. Thus, the factor favors neither party.[2]

The third factor—whether the case was dismissed prior to trial—favors Penney, but not strongly. As mentioned above, Marion's claim against Penney was dismissed at the summary judgment stage due to Marion's inability to overcome Penney's qualified immunity. However, while dismissal at the pleading stage weighs in favor of frivolity, *Beach Blitz* 13 F.4th at 1303, here the parties went through the pleading stage, discovery, mediation, and settlement discussions, and they filed their pretrial statements, proposed voir

---

[2] The Court is aware that "if a plaintiff succeeds on one claim but also asserts a frivolous claim unrelated to the successful claim, 'the defendant may recover attorney's fees incurred in responding' to the frivolous claim." *Quintana v. Jenne*, 414 F.3d 1306, 1311 (11th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 n.10 (1983)). However, the claims against Penney and the Sheriff's Office were related, not "unrelated." *Id.* And the "case-by-case basis" required under *Sullivan* supports viewing the related claims together.

3

dire questions, and proposed jury instructions before Penney prevailed on summary judgment. This weighs against the case's frivolity.

Finally, the fourth factor asks whether the dismissal of the claim required close attention by the court. This factor is "particularly important" and favors Marion.[3] *Beach Blitz,* 13 F.4th at 1302; *see also Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991) ("Our circuit has held that the plaintiff's section 1983 claims should not be considered groundless or without foundation for the purpose of an award of fees in favor of the defendants when the claims are meritorious enough to receive careful attention and review."). The Court did not resolve this case on summary judgment without paying close attention to the facts—including a meticulous reading of the two depositions and careful consideration of the relevant Florida criminal statutes—or without conducting a painstaking review of Eleventh Circuit caselaw on arguable probable cause. *See Edger v. McCabe,* 84 F.4th 1230, 1235 (11th Cir. 2023) (acknowledging the Eleventh Circuit's "inconsistent expositions" between actual and arguable probable cause.). Additionally, Penney's conduct, including his inexplicable release of Marion's friend, Michael Wilson, complicated the analysis. As demonstrated above, this case clearly required close attention.

---

[3] The Court considers this factor to be so important in this case that even if all the other factors favored Penney, the Court would have reached the same conclusion.

## III. CONCLUSION

The Court finds that Marion's action in bringing this suit cannot be characterized as unreasonable or meritless because the basis upon which Penney prevailed was an issue of legal immunity requiring judicial resolution, Marion's interpretation of the events that took place was not without foundation or frivolous, and the case required close attention by the Court. Accordingly, Penney's Motion for Costs, Including Attorneys' Fees, (Doc. 43), is **DENIED**.

**DONE** and **ORDERED** on May 21st, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record